**O'CONNOR BERMAN DOTTS & BANES**
**201 Marianas Business Plaza**
**Susupe, Saipan, CNMI**
**Mail: PO Box 501969 Saipan MP 96950**
**Phone: 234-5684**
**Fax: 234-5683**

**Attorneys for Defendant**

**IN THE DISTRICT COURT**
**FOR THE NORTHERN MARIANA ISLANDS**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**TANG XIAOYING,**<br><br>**Defendant.** | ) | **Crim. No. 13-00014-01**<br><br>**MOTION FOR JUDGMENT OF ACQUITTAL** |

Defendant Tang Xiaoying hereby renews her motion for judgment of acquittal as to Count 2 of the First Superseding Indictment, pursuant to Rule 29(c)(1) of the Federal Rules of Criminal Procedure, for insufficiency of evidence to support a conviction. In support of this Motion, Defendant shows the Court the following:

Count 2 of the First Superseding Indictment charged Defendant with visa fraud, in violation of the fourth paragraph of 18 U.S.C. § 1546(a), which creates criminal liability for:

> [w]hoever *knowingly* makes under oath, or as permitted under penalty of perjury under section 1746 of title 28, United States Code, *knowingly* subscribes as true, any false statement with respect to a material fact in any application, affidavit, or other document required by the immigration laws or regulations prescribed thereunder[.]

18 U.S.C. § 1546(a) ¶4 (emphasis added). The document at issue was a Form I-130 (Trial Exhibit 3) executed by Jesse Dowai. Defendant was convicted on a theory of willfully causation, pursuant to 18 U.S.C. § 2(b), which provides that:

> Whoever *willfully* causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal.

18 U.S.C. § 2(b) (emphasis added). There was no evidence at trial from which a reasonable jury could conclude that Defendant had the knowing and willful state of mind necessary for conviction of this offense, particularly as to the requirement that the false statement be made under oath or on penalty of perjury.

The due process clause "constitutionally protects an accused against conviction except upon evidence that is sufficient fairly to support a conclusion that *every element of the crime* has been established beyond a reasonable doubt" Jackson v. Virginia, 443 U.S. 307, 313-14 (1979) (*citing* In Re Winship, 397 U.S. 358 (1970)) (emphasis added) (footnotes omitted).

> Although Jackson requires the reviewing court initially to construe all evidence in the favor of the government, the evidence so construed may still be . . . insufficient to establish every element of the crime. We have held, for example, that evidence is insufficient to support a verdict where mere speculation, rather than reasonable inference, supports the government's case, or where there is a total failure of proof of a requisite element.

United States v. Nevils, 598 F.3d 1158, 1167 (9th Cir. 2010) (citations and internal punctuation omitted). *See also*, *e.g.*, United States v. Andrews, 75 F.3d 552, 556 (9th Cir. 1996) ("While circumstantial evidence can be used to prove any fact, mere suspicion or speculation will not provide sufficient evidence.") (internal punctuation omitted).

No rational jury could conclude, on the evidence presented at trial, that Defendant Tang knew that Mr. Dowai signed the Form I-130 under oath or penalty of perjury. The evidence was that the document was prepared by Attorney Reynaldo Yana and signed by Jesse Dowai. There was no evidence that Defendant Tang ever read, saw, understood, or had any awareness of the existence of the language in fine print above the signature line stating that the document was to be executed under penalty of perjury. The only ostensible evidence of the point that the Government pointed to in its closing argument was Defendant's own signature on a different document, Form I-485 (Trial Exhibit 5), which contains a similar provision for execution under penalty of perjury. Even assuming *arguendo* that Defendant's signature on the I-485 could give rise to the inference that she read and understood the "penalty of perjury" language in *that* document, it cannot logically give rise to the inference that she knew the same provision was included in the I-130, such that a rational jury could find that fact beyond a reasonable doubt. Such a conclusion would be entirely speculative. It could only be reached by assuming that every immigration form, or at least any form connected with a green card application, necessarily includes such language – an assumption that is not only logically unsound on its face, but also is contradicted by the Form G-325A (Trial Exhibit 4), which was filled out and signed as part of the same package of green card application forms as the I-130 and I-485, but which does *not* include any language stating that it is signed under oath or penalty of perjury.

Given the absence of any evidence upon which a rational jury could infer Defendant Tang's knowledge that Mr. Dowai not only executed the I-130, but did so under penalty of perjury, the conviction of Count 2 cannot stand.

Respectfully submitted this 12th day of February, 2014.

O'CONNOR BERMAN DOTTS & BANES
Attorneys for Defendant

By:____________/s/___________________
Joseph E. Horey