**O'CONNOR BERMAN DOTTS & BANES**
**201 Marianas Business Plaza**
**Susupe, Saipan, CNMI**
**Mail: PO Box 501969 Saipan MP 96950**
**Phone: 234-5684**
**Fax: 234-5683**

**Attorneys for Defendant**

**IN THE DISTRICT COURT**
**FOR THE NORTHERN MARIANA ISLANDS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** <br> **Plaintiff,** <br> **vs.** <br> **TANG XIAOYING,** <br> **Defendant.** | **Crim. No. 13-00014-01** <br><br> **MOTION** <br> **TO ARREST JUDGMENT** |

Defendant Tang Xiaoying hereby moves the Court to arrest judgment in this matter pursuant to Rule 34(a)(2) of the Federal Rules of Criminal Procedure, for lack of jurisdiction of the charged offenses. Specifically, this Court lacks constitutional authority to exercise the judicial power of the United States by convicting and sentencing Defendant for the charged offenses against federal law, as this Court was established by Congress without meeting the criteria of Article III of the United States Constitution. In support of this Motion, Defendant adopts and incorporates here in full by reference her arguments on this point in her pretrial Motion to Dismiss and Reply in support thereof. In addition to those arguments, she offers only the following comment:

In its pretrial ruling on this issue, the Court relied on Palmore v. United States, 411 U.S. 389 (1973), for the proposition that neither "[the Supreme] Court nor Congress has read the Constitution

as *requiring every* federal question arising under the federal law, or even every criminal prosecution for violating an Act of Congress, to be tried in an Art. III court before a judge enjoying lifetime tenure and protection against salary reduction." *Id*. at 407 (emphasis added). That is true enough. It is equally true, however, that the Supreme Court has never read the Constitution as *allowing any* such question, and *any* such prosecution, to be tried in *any non*-Article III court before a judge without such protections. Instead, it has held that such questions must be addressed on a case-by-case basis – *i.e.*, that "the constitutionality of a given congressional delegation of adjudicative functions to a non-Article III body must be assessed by reference to the purposes underlying the requirements of Article III." Commodity Futures Trading Com'n v. Schor 478 U.S. 833, 847 (1986).[1] Palmore performed this assessment well enough with respect to Congress' delegation of the power to try criminal cases arising under the District of Columbia to the non-Article III Superior Court of the District of Columbia. Its conclusion that that particular delegation was constitutional, however, does not carry over, *ipso facto*, to Congress' later delegation of the full powers of a district court to *this* non-Article III court. That delegation requires its own assessment.

Respectfully submitted this 12th day of February, 2014.

//

O'CONNOR BERMAN DOTTS & BANES

Attorneys for Defendant

By:____________/s/____________________

Joseph E. Horey

[1] Palmore itself said only that the requirements of Article III must give way "in proper circumstances." 411 U.S. at 408.